78 F.3d 588
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
CLOVERLEAF PROPERTIES, INC., now Leonard O'Brien, Plaintiff-Appellant,
v.
McDONALD'S CORPORATION, Defendant-Appellee.
 No. 95-3095.
 United States Court of Appeals, Eighth Circuit.
 Submitted: February 15, 1996.
Filed: March 12, 1996.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1973, a McDonald's Corporation franchisee leased property in St. Charles, Missouri, from Cloverleaf Properties, Inc., to operate a McDonald's restaurant. The twenty-year lease gave the lessee options (i) to extend the lease for four five-year extension periods, at escalating rents; and (ii) to purchase the property for $235,000 "after exten[s]ion of initial term of this lease or any exten[s]ion thereafter." The original parties to the lease later assigned the lessee's interest to McDonald's and the lessor's interest to Leonard O'Brien, Cloverleaf's owner.
 
 
 2
 At the end of the initial twenty-year term, McDonald's gave notice it was exercising the option to purchase. O'Brien then commenced this action in state court seeking a declaratory judgment that the option to purchase may not be exercised until the end of the first five-year lease extension period. After McDonald's removed, the district court[1] held that the lease agreement is ambiguous concerning when the option to purchase may be exercised and heard parol evidence on that question at a bench trial. The court then credited the testimony of the lease negotiator for McDonald's, found that the parties intended "to grant McDonald's the option to purchase the property immediately after the expiration of the initial [twenty-year] term," and entered judgment affording McDonald's declaratory and specific performance relief.
 
 
 3
 On appeal, O'Brien argues that the district court erred in holding the lease agreement ambiguous and in admitting parol evidence as to the parties' intent in providing a purchase option. Instead, the court should have held that the lease grants McDonald's an option to purchase only after the expiration of the first five-year lease extension period. After carefully reviewing the record and considering the parties' contentions on appeal, we conclude that the district court correctly held that the lease agreement is ambiguous on the question at issue--whether "after extension of the initial period" means after the start of, or after the end of, the first five-year lease extension period. Thus, the court properly heard parol evidence on this issue, and its findings of fact regarding the parties' intent are not clearly erroneous. Accordingly, we affirm. See 8th Cir. Rule 47B.
 
 
 
 [1]
 The HONORABLE JEAN C. HAMILTON, Chief Judge of the United States District Court for the Eastern District of Missouri